UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GANDRA COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0081-CVE-FHM |
| ) | |
| TULSA COUNTY BOARD OF ) | |
| COUNTY COMMISSIONERS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss Second Amended Complaint and Brief in Support (Dkt. # 33). Defendant Tulsa County Board of County Commissioners (the Board) argues that plaintiff's second amended complaint does not contain sufficient factual allegations to state a claim for relief, and requests dismissal of each claim. Plaintiff responds that the Board has conducted discovery and should know the factual allegations underlying her claims, even if those allegations are not spelled out in detail in the second amended complaint.

**I.**

Plaintiff alleges that she is employed by the "Tulsa County Park Department." She claims that she is the sole female employee of this department. She states that she has been subjected to "derogatory comments and actions and . . . offensive and insulting remarks" based on her gender, and this has created a hostile work environment. Dkt. # 29, at 2-3. She claims that she filed a formal grievance "about what she perceived as discriminatory conduct" by employees of defendant and asked defendant to take steps to stop the offensive conduct. Id. at 3. She claims that her employer did not take any remedial action and retaliated against her for filing an internal grievance.


Based on this alleged conduct, plaintiff filed a charge of discrimination against her employer with the Equal Employment Opportunity Commission. She received a right to sue letter and filed this lawsuit on February 15, 2008, alleging claims of hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII). Dkt. # 2. On February 23, 2008, plaintiff filed an amended complaint (Dkt. # 4), and defendant answered the amended complaint on April 7, 2008.

Plaintiff filed a motion to stay these proceedings on October 20, 2008. Plaintiff claimed that her deposition testimony alerted her attorney to the possibility that she may have an unexhausted retaliation claim against defendant based on conduct that occurred after this case was filed. Dkt. # 17, at 2. Plaintiff asked the Court to stay the case while she exhausted her remedies for a new retaliation claim. The Board agreed not to oppose plaintiff's motion for a stay under three conditions: "(1) a stay will not resurrect expired discovery deadlines, (2) any future discovery will be limited to Plantiff's 'new' charge, and (3) the parties may file dispositive motions on all claims and defenses upon dissolution of the stay . . . ." Dkt. # 23, at 1. The Court stayed the proceedings while plaintiff exhausted her new retaliation claim. Plaintiff filed a motion to lift the stay on June 12, 2009, and filed her second amended complaint on the same day. The second amended complaint attempts to state claims of hostile work environment and two claims of retaliation. The Court lifted the stay, and ordered the Board to file an answer or other responsive pleading no later than July 6, 2009. The Board filed a motion to dismiss the second amended complaint, asserting that plaintiff had not stated a plausible claim.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, the United States Supreme Court recently held that Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that the second amended complaint does not state a plausible claim because plaintiff's factual allegations are nothing more than boilerplate employment discrimination allegations that do not give sufficient notice of her claims. Plaintiff responds that defendant has conducted discovery on her original hostile work environment and retaliation claims, and has sufficient knowledge of her claims that dismissal would be inappropriate. She also argues that Twombly does not require her to plead specific facts in support of her claims, as long as she alleges sufficient facts to "suggest that a Title VII violation occurred." Dkt. # 34, at 3.

Plaintiff has not provided any authority for her argument that the Court should look beyond the allegations of the complaint and assume that defendant has learned additional information during the discovery process, and the Court declines to engage in this type of speculation. A complaint must state a claim with sufficient clarity that the opposing party can respond without filing a motion for more definite statement or conducting discovery. United States v. $39,000 in Canadian Currency, 801 F.2d 1210, 1216 (10th Cir. 1986). Another purpose of notice pleading under the Federal Rules of Civil Procedure is to show the Court that a party has stated a claim that entitles the pleader to relief. Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir. 1979) ("The essential function of a complaint under modern pleading is twofold--to give the opposing parties fair notice of the basis of the claim against them so they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief."). The Court will confine its analysis to the allegations of the complaint without assuming that defendant has learned additional information through discovery or other means.

Plaintiff's second amended complaint alleges that she worked for the "Tulsa County Park Department" and is the only female employee of this department. She alleges that she was subjected to offensive and insulting remarks based on her gender, and was retaliated against through "unreasonabl[] disciplinary action." Beyond these allegations, the complaint provides no specific details about any of plaintiff's claims. The second amended complaint does not reference a single date on which any event occurred, nor does it identify which of defendant's employees harassed her or describe any of the harassing statements. Plaintiff also alleges that defendant took "unreasonabl[e] disciplinary action" against her and subjected her to an adverse employment action, but she does not explain what disciplinary action was taken against her. The factual allegations of the second amended complaint closely resemble legal conclusions and, when reviewing a motion to dismiss under Rule 12(b)(6), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Iqbal, 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

While plaintiff is correct that Twombly does not impose a demanding pleading standard, she must still state a claim that is plausible on its face and allege enough facts to support a claim that defendant has unlawfully discriminated against her. After Twombly, courts have required plaintiffs in any type of case to "nudge their claims across the line from conceivable to plausible," and do more than recite the prima facie elements of a claim. Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). This is not a heightened pleading standard but, rather, it is the standard applicable to all complaints filed in federal court. Plaintiff's response may also be construed to contain an argument that Twombly does not apply to employment discrimination cases. Dkt. # 34, at 3.

However, Iqbal expressly held that Twombly applies to civil rights cases, see Iqbal, 129 S. Ct. at 1950-51, and the Tenth Circuit has affirmed the application of Twombly to an employment discrimination case. Atwell v. Gabow, 311 Fed. Appx. 122, 124 (10th Cir. 2009).[1] Thus, the Court must apply Twombly when ruling on defendant's motion to dismiss.

The Court has reviewed plaintiff's second amended complaint, and finds that it should be dismissed for failure to state a claim. While it is conceivable that plaintiff can state a claim against defendant, she has not pled any specific facts in her second amended complaint to nudge her claims from conceivable to plausible. In particular, she does not provide any factual allegations describing the alleged hostile work environment and, for her retaliation claims, she does not even state how defendant allegedly retaliated against her. These facts are central to plaintiff's claims and, while Twombly is not a demanding standard, it does require plaintiff to allege some facts in support of her claims. Plaintiff's second amended complaint may have survived under Conley v. Gibson, 355 U.S. 41 (1957), but the Court no longer applies the "no set of facts" standard that formerly governed motions to dismiss under Rule 12(b)(6). The allegations of plaintiff's second amended complaint are so general that it is not possible for the Court to determine if plaintiff has stated a claim, and the Court cannot assume that defendant knows more than is stated in the second amended complaint. Therefore, the second amended complaint should be dismissed for failure to state a claim, but plaintiff will be given an opportunity to file a third amended complaint providing some specific factual allegations to support her claims.

---

[1]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Second Amended Complaint and Brief in Support (Dkt. # 33) is **granted**. Plaintiff may file a third amended complaint no later than **August 31, 2009. If plaintiff fails to file a third amended complaint in compliance with this Opinion and Order, her case will be dismissed without prejudice.**

**DATED** this 11th day of August, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT